UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBERT D. SHEETS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-03050-TWP-MPB |
| | ) | |
| A. OKOSUN, | ) | |
| M. DEME, | ) | |
| F. OMINIYI, | ) | |
| MCNALL, | ) | |
| VOGLEMAN, | ) | |
| REAGLE, | ) | |
| ISR, | ) | |
| STAFF, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Robert D. Sheets filed this civil action alleging that the defendants failed to protect him from a serious physical assault at Pendleton Correctional Facility ("Pendleton"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. For the reasons explained below, the only claim that survives screening is the Eighth Amendment failure to protect claim against Officer A. Okosun.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.  In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal

Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. The Complaint

The complaint alleges that defendant Officer A. Okosun opened all the cell doors in a lock down unit at the same time. This allowed several inmates to enter Mr. Sheet's cell and physically attack him. Mr. Sheets suffered broken ribs, a fractured jaw, head trauma, and bruising. He continues to have flashbacks and nightmares about the incident.

Following the attack, Mr. Sheet was taken to the medical unit. There, Nurse Murphy gave him a cursory evaluation and denied Mr. Sheets' assertion that his ribs felt like they were broken and that he was struggling to breath. She issued him a conduct report and sent him back to his cell. It was more than a week before Mr. Sheets was given an x-ray confirming his broken ribs. Mr. Sheets seeks 10 million dollars in damages.

## III. Discussion of Claims

This action is brought pursuant to 42 U.S.C. § 1983. Section 1983 "provides a cause of action for the deprivation of constitutional rights by persons acting under color of state law." *Torres v. Madrid*, 141 S. Ct. 989, 994 (2020). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Mr. Sheets has stated a claim for relief under the Eighth Amendment. Construed broadly he alleged that

Officer Okosun was deliberately indifferent to the substantial risk of serious harm Mr. Sheet's faced when the officer opened the doors to every cell in a lock down unit at the same time and as a result, Mr. Sheets was seriously injured. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Helling v. McKinney*, 509 U.S. 25, 34 (1993).

All other claims, however, must be dismissed for the following reasons.

First, the complaint references the Fourteenth Amendment's Due Process Clause, but there are no allegations to support such a claim under this constitutional provision. The "civil rights claims of pretrial detainees arise under the Fourteenth Amendment," while Eighth Amendment standards apply to convicted prisoners. *See Courtney v. Devore*, 595 F. App'x 618, 619 (7th Cir. 2014). As the complaint acknowledges, Mr. Sheets was a convicted prisoner at the time of the attack such that his claims shall proceed under the Eighth and not the Fourteenth Amendment. The Fourteenth Amendment claim is dismissed for failure to state a claim upon which relief may be granted.

Second, the complaint includes the following defendants in the caption of the complaint: ISR, Staff and Warden, Officers – A. Okosun, M. Deme, F. Ominiyi, National Guard Specialist McNall, Sgt. Vogleman, and Warden Reagle. However, there are no factual allegations made against any of these defendants in the complaint. "[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). In addition, "ISR"

and "Staff" is not a "person" subject to liability pursuant to 42 U.S.C. § 1983. Accordingly, these defendants are dismissed for failure to state a claim upon which relief may be granted.

Finally, any claim against Nurse Murphy is dismissed because she is not listed as a defendant in the caption of the complaint, nor is she listed as a defendant in the body of the complaint. In any event, a deliberate indifference to medical care against Nurse Murphy is separate and distinct from the failure to protect claim against Officer Okosun and such a claim should be brought in a separate lawsuit.

In summary, the Eighth Amendment failure to protect claim against Officer Okosun shall proceed. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through February 7, 2022,** in which to identify those claims.

The **clerk is directed** to terminate M. Deme, F. Ominiyi, McNall, Vogleman, Reagle, ISR and Staff as defendants on the docket.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Officer A. Okosun in the manner specified by Rule 4(d). Process shall consist of the complaint filed on December 16, 2021, dkt [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The **clerk is directed** to serve the Indiana Department of Correction employee electronically.

IT IS SO ORDERED.

Date: 1/10/2022

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERT D. SHEETS
193793
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic service to Indiana Department of Correction:

> Officer A. Okosun
> (At Pendleton Correctional Facility)