**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| ROBERT D. SHEETS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-03050-TWP-MPB |
| | ) | |
| A. OKOSUN, Officer, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANTS MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendant Augustine Okosun's ("Officer Okosun") Motion For Summary Judgment. (Dkt. 16.) Plaintiff Robert D. Sheets ("Mr. Sheets"), a prisoner currently incarcerated at Pendleton Correctional Facility ("Pendleton") alleges that correctional Officer Okosun opened Mr. Sheets' cell door, allowed other offenders to enter the cell and assault him and failed to protect him in violation of the Eighth Amendment. Officer Okosun moves for summary judgment on his affirmative defense that Mr. Sheets failed to exhaust his administrative remedies prior to filing this lawsuit. For the reasons that follow, Officer Okosun's Motion is **granted**.

**I.  STANDARD OF REVIEW**

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Federal Rule of Civil Procedure 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Comm. Sch.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the

nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Tr. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

In this case, Officer Okosun has met that burden through his unopposed motion for summary judgment. Mr. Sheets failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); see S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II.  <u>FACTUAL BACKGROUND</u>

Because Officer Okosun has moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).  Here, Mr. Sheets has not responded to the summary judgment motion, so the Court treats Officer Okosun's supported factual assertions as uncontested. *See Hinterberger v. City of Indianapolis*, 966 F.3d 523, 527 (7th Cir. 2020); S.D. Ind. L.R. 56-1(b), (f).

On July 25, 2021, Officer Okosun opened all the cell doors during a unit-wide lock down. (Dkt. 2 at 4.)  This allowed several inmates to enter Mr. Sheets' cell and physically assault him, causing him severe injuries. *Id.*[1]

Pendleton, like most facilities, has a grievance process for inmates to use when they have an issue related to their confinement.  (*See* Dkt. 16-1, ¶¶ 2, 3.) The purpose of the grievance program is to promote the prompt and effective resolution of a broad range of issues and complaints. *Id.* ¶ 6. Inmates learn about the grievance process during orientation and can access a copy of the policy in the facility law library.  *Id.* ¶¶ 25, 26. Pendleton's grievance process tracks the Indiana Department of Correction's standardized grievance process for all state facilities.  (Dkt. 16-2.)  The first step in the grievance process is to file a formal grievance using an Offender Grievance Form. (Dkt. 16-1 at ¶¶ 11, 13.)  The second step is to file a written appeal to the Warden or their designee. *Id.* ¶¶ 11, 20.  And the final step is to file a written appeal with the department grievance manager. *Id.* ¶¶ 11, 21.  An inmate must complete all three steps to fully exhaust their administrative remedies.  *Id.* ¶ 12.

---

[1] As required, the Court assumes the truth of these facts for purposes of ruling on the present motion for summary judgment.

Mr. Sheets submitted a formal grievance complaining of the July 25, 2021 incident. *Id.* ¶ 30; *see also* Dkt. 16-3. After receiving a response, he submitted a grievance appeal to the Warden. (Dkt. 16-1 at ¶ 33; Dkt. 16-4 at 2.) The Warden denied his appeal. (Dkt. 16-1 at ¶ 33; Dkt. 16-4 at 1.) Mr. Sheets did not file a written appeal to the department grievance manager. (Dkt. 16-1 at ¶ 34.) He filed this lawsuit on December 16, 2021. (Dkt. 2.)

## III.  DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires inmates to exhaust their available administrative remedies before suing in federal court. 42 U.S.C. § 1997e(a); *Williams v. Wexford Health Sources, Inc.*, 957 F.3d 828, 831 (7th Cir. 2020). This requirement is mandatory: a court cannot excuse an inmate's failure to exhaust. *Ross v. Blake*, 578 U.S. 1174, 1856 (2016). To satisfy the PLRA's exhaustion requirement, an inmate must strictly comply with the prison's administrative rules for filing grievances. *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020). Failure to exhaust is an affirmative defense, so Defendant bears the burden of proof. *Lanaghan v. Koch*, 902 F.3d 683, 688 (7th Cir. 2018).

Here, Mr. Sheets failed to exhaust his administrative remedies. Pendleton has a grievance process, (Dkt. 16-1 at ¶¶ 2, 3), and the undisputed evidence shows he filed a formal grievance and an appeal with the Warden, *id.* ¶¶ 30, 33, but he did not file an appeal with the department grievance manager. *Id.* ¶ 34. To successfully complete the grievance process, Mr. Sheets was required to complete all three steps. *Id.* ¶ 12. Since that did not happen, Mr. Sheets failed to exhaust his administrative remedies before filing suit, and so Officer Okosun is entitled to summary judgment. *Crouch v. Brown*, 27 F.4th 1315, 1321 (7th Cir. 2022) ("[A] prisoner must exhaust his or her administrative remedies before filing a federal claim about prison conditions.").

His claims must be dismissed without prejudice. *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir.

2004) ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.")

## IV.  CONCLUSION

  For the reasons stated above, Officer Okosun's Motion for Summary Judgment, Dkt. [16],

is **GRANTED.**  Final judgment shall enter accordingly.

  **SO ORDERED.**

Date:  11/10/2022

               Hon. Tanya Walton Pratt, Chief Judge
               United States District Court
               Southern District of Indiana

DISTRIBUTION:

Robert D. Sheets, #193793
PENDLETON CORRECTIONAL FACILITY
Pendleton, Indiana  46064
Electronic Service Participant – Court Only

Brandyn Lee Arnold
INDIANA ATTORNEY GENERAL'S OFFICE
brandyn.arnold@atg.in.gov